UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**ARTHUR LEE HENDERSON, SR.,**

**Petitioner,**

v.

RAYMOND MADDEN, WARDEN,

Respondent.

**NO. LA CV 16-02003-VBF (AGR)**

**ORDER**

Referring Unauthorized Successive Habeas Claims to U.S. Court of Appeals Per Ninth Circuit R. 22-3(a);

**Dismissing Doc. #4 (Motion for *Rhines* Stay)** due to Mootness and Lack of Jurisdiction;

**Dismissing Case Without Prejudice;** Denying Certificate of Appealability; **Terminating the Action (JS-6)**

Represented by counsel, Arthur Lee Henderson, Senior ("petitioner"), was tried before a Los Angeles Superior Court jury, case number A918235, on charges of first-degree murder and attempted murder in a residence. On February 1, 1988, the jury convicted petitioner on both counts. On March 9, 1988, the superior court judge sentenced petitioner to a term of life without possibility of parole in state prison plus a consecutive eleven-year term. On direct appeal number B033856, the California Court of Appeal issued an order affirming petitioner's convictions and sentence on September 21, 1989. The California Supreme Court denied petitioner's ensuing petition for review on January 18, 1990. According to petitioner, he then filed multiple unsuccessful habeas corpus petitions in the state courts.

**On September 18, 2007, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254 in this Court.** *See* Case Management/Electronic Case

Filing System Document ("Doc") 1 for Case No. LA CV 07-06038-VBF ("07-6038").  The respondent filed a motion to dismiss in February 2008, petitioner filed a response in March 2008, and respondent did not reply.   The Magistrate Judge issued a report and recommendation ("R&R") recommending that the habeas petition be dismissed as untimely, and petitioner timely filed objections.  *See* 07-6038 Docs 19 and 20.  The Magistrate Judge then issued a final R&R on April 21, 2016, and petitioner did not object.  On July 1, 2008, this Court issued an Order adopting the R&R and dismissing the habeas petition as untimely, and entered final judgment against petitioner.  *See* 07-6038 Docs 21-23.  Petitioner attempted to appeal, but this Court issued an Order denying a certificate of appealability ("COA") on July 30, 2008, and the United States Court of Appeals did likewise on May 26, 2009.  *See* 07-6038 Docs 26 and 33.

**Finally, proceeding *pro se*, Petitioner filed the instant petition for a Writ of Habeas Corpus by a Person in State Custody ("petition") pursuant to 28 U.S.C. § 2254 on March 23, 2016.**  He challenges the aforementioned 1988 L.A. County Superior Court convictions.  As discussed below, the Court determines that this is a second-or-successive habeas corpus petition challenging the validity of these same convictions.  Because petitioner failed to obtain the statutorily required permission from the United States Court of Appeals for the Ninth Circuit ("Circuit") before filing the petition here, the Court concludes that Circuit Rule 22-3(a) requires this Court to "refer" the petition to the Circuit.

After referring the habeas petition to the appellate court, this Court will then dismiss the action without prejudice for lack of subject-matter jurisdiction.  The Court will further determine that petitioner's motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528 (2005) must be dismissed due to mootness and lack of jurisdiction.  To the extent that a certificate of appealability ("COA") is required to appeal the dismissal of this action, the dismissal of the stay motion, or the referral of the habeas petition, the Court will deny a COA.  The Court will not enter a final judgment at this time because today's Order does not conclusively dispose of petitioner's habeas claims and it does not necessarily

foreclose his opportunity to have those claims heard on their merits in federal court. *Accord generally Coward v. Jabe*, No. 14-6562, – F. App'x –, 2016 WL 1638080, *2 (4th Cir. Apr. 26, 2016) ("'Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties.  * * *  [If] it appears from the record that the district court has not adjudicated all the issues in a case, then there is no final order . . . .'") (quoting *Porter v. Zook*, 803 F.23d 694, 696-97 (4th Cir. 2015)).


AEDPA LEGAL STANDARD

The habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies AEDPA in reviewing the California state courts' rulings on the federal constitutional claims asserted in the petition and in determining whether those claims are properly before the federal habeas court. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059 (1997).

AEDPA provides, in pertinent part:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).


This Court Has Authority to Determine Threshold Questions Bearing on Jurisdiction

Preliminarily, the Court notes that while a district court lacks jurisdiction to rule on second-or-successive habeas claims until petitioner has obtained prior authorization from the Circuit, **it *does* have authority to determine the threshold questions of (1) whether these claims are second-or-successive as defined by AEDPA and (2) whether petitioner has**

**obtained Circuit authorization to file such claims here.** As a sister court explained,

> [T]his rule prohibiting the district court from considering the merits of a second or successive petition does not preclude the district court from first answering the threshold question of whether the petition is, in fact, second or successive. In *Hatches*, the United States Court of Appeals for the Third Circuit held:
>
> > [T]he District Court properly considered whether [the petitioner] had alleged facts sufficient to bring his petition within the gatekeeping requirement of [28 U.S.C.] section 2255 permitting "second or successive" petitions based upon newly discovered evidence or a new rule of constitutional law.
>
> [*Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010)]; *see also Thomas v. Superintendent / Woodbourne Corr. Facility*, 136 F.3d 227, 228 (2d Cir. 1997) (instructing a district court to determine whether a petition was second or successive by considering "whether the prior petition was dismissed with prejudice and whether the instant petition attacks the same judgment that was attacked in the prior petition"); * * *.

*Buffey v. Ballard*, 2012 WL 2675223, *4 (N.D. W.Va. July 5, 2012).

**The Court determines that the petition is a second-or-successive petition challenging the same February 1, 1988 murder and attempted-murder convictions and sentence that were targeted by his 2007 federal habeas petition.** Petitioner, stating that he was convicted as an aider and abettor, claims that a 2014 California Supreme Court case, *People v. Chiu*, 59 Cal. 4th 155, 325 P.3d 972, 172 Cal. Rptr.3d 438 (Cal. 2014), effectively held that he could not have the required mens rea to be convicted of first-degree murder. (Petition at 5.) *Chiu* held that "the connection between the defendant's culpability and the perpetrator's premeditative state is too attenuated to impose aider[-]and[-]abettor liability for first[-]degree murder under the natural and probable consequences doctrine." In such circumstances, the state Supreme Court held, a defendant may be convicted only of second-degree murder. *See Chiu*, 59 Cal. 4th at 166, 325 P.3d 972.

If Petitioner wishes to pursue federal habeas relief, he must first obtain the Circuit's authorization to file second-or-successive claims in district court. The record contains no evidence that petitioner has obtained such authorization.

The Court Must "Refer" This Habeas Petition to the United States Court of Appeals

**Ninth Circuit Rule 22-3(a) clearly states, in pertinent part, "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court *shall* refer it to the court of appeals."** Emphasis added.[1]

[1] Absent advance authorization from the U.S. Court of Appeals, a person may not file a second-or-successive habeas petition in district court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). If a person files a successive petition in district court without Circuit authorization, the district court lacks subject-matter jurisdiction. *See Magwood v. Patterson*, 561 U.S. 320, 330-31, 130 S. Ct. 2788, 2796 (2010).

"**It is, by definition, always a mistake to file an action in a court that clearly lacks jurisdiction.**" *Spencer v. Cano*, No. LA CV 16-02267, – F. Supp.3d –, 2016 WL 2760332, *2 n.2 (C.D. Cal. May 12, 2016) (Fairbank, J.) (citing *Mathers Family Trust v. Cagle*, 2013 WL 3455489, *5 (N.D. Tex. July 8, 2013) (approving statement that "the tolling statute protects plaintiff *who mistakenly file suit in a forum that lacks jurisdiction*") (emphasis added) and *Flores v. Predco Servs. Corp.*, 2011 WL 883640, *7 (D.N.J. Mar. 11, 2011) ("[E]quitable tolling is meant to . . . avoid unfairness to a plaintiff who diligently, but *mistakenly, prosecutes his claim in a court that lacks jurisdiction* . . . .") (citation omitted) (emphasis added), *recon. denied*, 2011 WL 3273573 (D.N.J. July 29, 2011)).

**Indeed, Congress has enacted a statute specifically to enable federal courts to fix the *mistake* of a party who files in a court that lacks jurisdiction.** *See, e.g., United States v. Cook County, Illinois*, 170 F.3d 1084, 1089 (Fed. Cir. 1999) ("As both parties point out, section 1631 was designed to remedy the situation in which a litigant has *mistakenly filed an action in a court that lacks jurisdiction.*") (emphasis added); *Woodstock Care Ctr. v. Thompson*, 161 F. Supp.2d 813, 817 (S.D. Ohio 2001) ("[T]he Court looks to 28 U.S.C. § 1631, which provides that when a civil action . . . is *mistakenly filed in a court that lacks jurisdiction*, the court may transfer the action to the proper court when doing so is 'in the interest of justice.'") (emphasis added), *subsequent proceeding*, 363 F.3d 583 (6th Cir. 2003). The United States Senate's legislative history contains the observation that "[b]ecause of the complexity of the Federal court system and of special jurisdictional provisions, a civil case may on occasion be *mistakenly filed in a court – either trial or appellate – that does not have jurisdiction*." Senate Report No. 97-275 at 30 (97th Cong., 1st Session 1981), reprinted at 1982 U.S.C.C.A.N. 11 and 1981 WL 21373 (emphasis added).

**"Thus, whenever a person files a successive habeas petition in district court without first obtaining the Circuit's permission, he has "mistakenly submitted" that petition to a court that has no jurisdiction."** *Spencer*, 2016 WL 2760332 at *2 n.2, – F. Supp.3d at –.

**Isolated district-court decisions to the contrary are, therefore, untenable.** *Contra Guerrero v. Holland*, No. ED CV 15-02580-DDP-AJW, 2016 WL 1408047, *1 n.1 (C.D. Cal.

It is a venerable principle of construction that the word "shall" indicates that the action is mandatory. *See Sebelius v. Auburn Regional Med. Ctr.*, – U.S. –, 133 S. Ct. 817, 824 (2013); *Nat'l Ass'n of Homebuilders v. Defenders of Wildlife*, 544 U.S. 644, 661, 127 S. Ct. 2518 (2007); *see also* Antonin Scalia and Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 112 (2012) (referring to "[t]he traditional, commonly repeated rule . . . that *shall* is mandatory and *may* is permissive"); *cf. Anglers Conservation Network v. Pritzker*, 809 F.3d 664, 671 (D.C. Cir. 2016) ("Ordinarily, legislation using 'shall' indicates a mandatory duty while legislation using 'may' grants discretion.") (citing *Lopez v. Davis*, 531 U.S. 230, 241, 121 S. Ct. 714 (2001)).

**"Therefore, when confronted with a second or successive habeas petition attacking the same conviction or sentence as a prior federal habeas petition which was denied on the merits, a district court has no choice but to 'refer' the petition to the U.S. Court of Appeals for the Ninth Circuit."** *Smith v. United States*, ED CV 11-00521-VBF Doc. 29 at 9 (C.D. Cal. July 23, 2014). "Failure to do so would violate the plain language of Ninth Circuit Rule 22-3(a)." *Garcia v. Busby*, No. LA CV 14-04224-VBF-PLA, 2014 WL 2761333, *3 (C.D. Cal. June 17, 2014), *COA denied*, No. 14-56714 (9th Cir. Nov. 26, 2014).

"The undersigned does not understand this mandate to 'refer' to be the same as a transfer to a court of proper jurisdiction by a court lacking jurisdiction under 28 U.S.C. § 1631. Consequently, this Court [will] dismiss" all successive claims *"and refer Petitioner to the Court of Appeals* by providing him with the necessary forms to file his petition with

---

Apr. 2, 2016) (dismissing successive petition without prejudice but stating, "Because the circumstances indicate that petitioner intentionally filed this action in this Court, not that he did so mistakenly, Rule 22-3(a) is inapplicable."); *Prince v. Lizarraga*, No. LA CV 15-04222-R-DTB, 2016 WL 922636, *5 n.10 (C.D. Cal. Feb. 4, 2016), *R&R adopted*, 2016 WL 927134 (C.D. Cal. Mar. 9, 2016) (adopting recommendation of M.J. Bristow), *appeal filed* No. 16-55418 (9th Cir. Mar. 18, 2016); *Hamilton v. California*, No. LA CV 14-07762-GAF, 2014 WL 5465073, *2 (C.D. Cal. Oct. 28, 2014) ("On its face, the Petition states that it is directed to this Court and nothing in the Petition sets forth any basis for concluding that it was filed with the intention of obtaining any order permitting the filing of a second or successive petition. Thus, the Court cannot conclude that the Petition was mistakenly submitted to this Court.").

**"A district court's obligation to follow Circuit Rule 22-3(a) does not, and cannot, turn on the subjective intentions or understanding of the habeas petitioner**." *Spencer*, – F. Supp.3d at –, 2016 WL 2760332 at *2 n.2.

the Ninth Circuit." *Morgan v. Ryan*, 2011 WL 6296763, *7 (D. Ariz. Nov. 28, 2011) (Metcalf, M.J.) (citing *Hoke v. Schriro*, 2008 WL 5087416, *2 (D. Ariz. Nov. 26, 2008) (Murguia, J.)) (emphasis added), *R&R adopted*, 2011 WL 6296758 (D. Ariz. Dec. 16, 2011).

The Court Also Must Dismiss This Petition Without Prejudice for Lack of Jurisdiction

**The question then arises whether the Court can both "refer" this petition to the U.S. Court of Appeals for the Ninth Circuit and then dismiss the action here without prejudice due to petitioner's failure to obtain leave from the Circuit to file a second-or-successive habeas petition.** As District Judge Mollway of our circuit aptly observed,

> On the one hand, dismissal when a court refers a second or successive section 2255 [federal-prisoner habeas] motion appears consistent with the typical dismissal that issues whenever the court grants a motion to dismiss based on a lack of jurisdiction. On the other hand, it could be argued that when the district court refers a matter, the district court is left with nothing to dismiss. Put another way, if the district court dismisses a [section 2254 or 2255 habeas] motion, it has nothing to refer. In referring a matter under [Ninth Circuit] Rule 22-3, a district court is sending the matter to the proper court such that, arguably, no dismissal is needed.

*David Verden Williams Jr. v. USA*, 2016 WL 2745814, *6 (D. Haw. May 11, 2016) ("*Williams*"). Moreover, as a practical matter,

> [i]n the context of Rule 22-3, it may make little difference whether a dismissal is ordered or not. The district court matter can be closed in either event. If the Ninth Circuit certifies a second section 2255 motion [or second section 2254 habeas petition], a case in which dismissal was ordered can be as easily reopened as a case in which dismissal was not ordered. If the Ninth Circuit decides not to issue a certification, the case in which no dismissal was ordered remains as closed as the case in which dismissal was indeed ordered.

*Williams*, 2016 WL 2745814 at *6. The Court appreciates Judge Mollway's thoughtful discussion of the different approaches in *Williams,* but finds it generally inadvisable to keep a case open after determining that the Court lacks jurisdiction.

**Rather, "[p]etitioner's failure to obtain leave to file from the Circuit justifies dismissal without prejudice, and Ninth Circuit Rule 22-3(a) plainly requires the Court**

**to refer the petition to the Circuit."** *Taylor v. Gonzales*, No. LA CV 14-06394-VBF-JC, 2014 WL 4826167, *3 (C.D. Cal. Aug. 27, 2014). **"'Perceiving no legal or practical conflict between these two courses of action, the Court will continue its . . . practice of both dismissing the petition and referring it to the Circuit.'"** *Taylor*, 2014 WL 4826167 at *3 (quoting *Batchelor v. Yates*, No. LA CV 09-01752-VBF Doc. 41 at 9 (C.D. Cal. July 31, 2014) (other citations omitted)); *see also, e.g., Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014).

**This is consistent with the practice of at least seventeen other district judges (as well as a number of current and former magistrate judges) in our district in recent years.** *See, e.g., Brown v. Fisher*, 2016 WL 2932087, *1 (C.D. Cal. May 19, 2016) (John **Walter**, J.); *Scott v. Pfeiffer*, 2016 WL 1399397 (C.D. Cal. Mar. 4, 2016) (David **Bristow**, M.J.), *R&R adopted*, 2016 WL 1408050 (C.D. Cal. Apr. 6, 2016); *Phillips v. Johnson*, 2016 WL 922553 (C.D. Cal. Mar. 8, 2016), *judgment entered*, 2016 WL 928717 (C.D. Cal. Mar. 8, 2016) (Virginia **Phillips**, J.); *Farmer v. Biter*, 2016 WL 447793, *1 (C.D. Cal. Feb. 3, 2016) (Gee, J.); *Dooley v. Davis*, 2016 WL 183054 (C.D. Cal. Jan. 12, 2016) (Klausner, J.); *Pace-White v. Johnson*, 2015 WL 10044278 (C.D. Cal. Nov. 3, 2015) (Frederick F. **Mumm**, M.J.), *R&R adopted*, 2016 WL 552678 (C.D. Cal. Feb. 9, 2016); *Block v. Duffy*, 2015 WL 5826776 (C.D. Cal. Oct. 2, 2015) (Andrew **Guilford**, J.) ("After reviewing numerous district court cases in this circuit, this Court concludes that simultaneous referral and dismissal is appropriate.") (citing *Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014) (Valerie Baker Fairbank, J.)); *Brandon v. L.A. Cty. Superior Court*, 2015 WL 1541567 (C.D. Cal. Apr. 2, 2015) (Snyder, J.); *Varnado v. Paramo*, 2014 WL 3845137 (C.D. Cal. Aug. 4, 2014) (S. James **Otero**, J.); *Miller v. Biter*, 2014 WL 3810234 (C.D. Cal. July 31, 2014) (Manuel **Real**, J.); *McKenzie v. Valenzuela*, 2014 WL 3109806 (C.D. Cal. July 7, 2014) (Christina **Snyder,** J.); *Brock v. Montgomery*, 2014 WL 2812315, *1 (C.D. Cal. June 23, 2014) (Beverly Reid **O'Connell**, J.) ("[T]his action is dismissed without prejudice for lack of jurisdiction because Petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of Court is directed to refer the

Current Federal Petition to the United States Court of Appeals . . . pursuant to Ninth Circuit Rule 22-3(a)."); *Perez v. Holland*, 2014 WL 1466857 (C.D. Cal. Apr. 14, 2014) (Cormac **Carney**, J.), *appeal filed*, No. 14-55815 (9th Cir. May 19, 2014); *Castaneda v. Long*, 2014 WL 996490, *1 (C.D. Cal. Mar. 13, 2014) (**Anderson**, J.); *Blanco v. Valenzuela*, 2014 WL 111453 (C.D. Cal. Jan. 9, 2014) (Walter, J.); *Parham v. Diaz*, 2013 WL 5310760, *1 (C.D. Cal. Sept. 19, 2013) (Gary **Klausner**, J.); *Vanderwall v. Soto*, 2015 WL 1893159 (C.D. Cal. Apr. 27, 2015) (Wright, J.) *Reed v. Roe*, 2013 WL 1970240, *1 (C.D. Cal. May 10, 2013) (Otis D. **Wright** II, J.); *Jones v. Harris*, 2013 WL 1390036, *1 (C.D. Cal. Mar. 15, 2013) (Stephen V. **Wilson**, J.); *Burts v. Yates*, 2012 WL 3019950, *1 (C.D. Cal. July 23, 2012) (Dean D. **Pregerson**, J.); *Jones v. Harrington*, 2012 WL 2573207, *1 (C.D. Cal. June 29, 2012) (Dolly **Gee**, J.); *Goodall v. Marshall*, 2011 WL 6110333 (C.D. Cal. Dec. 2, 2011) (**Carter**, J.); *Olvera v. Gonzales*, 834 F. Supp.2d 944, 945 (C.D. Cal. 2011) (Terry **Hatter**, Senior J.); *Henderson v. Walker*, 2011 WL 1706775, *1 (C.D. Cal. May 5, 2011) (**Stotler**, Sr. J.); *Smith v. Beard*, 2015 WL 2250013 (C.D. Cal. May 12, 2015) (Jacqueline **Chooljian**, M.J.); *Pace-White v. Johnson*, 2015 WL 1833952 (C.D. Cal. Apr. 10, 2015) (Margaret **Nagle**, M.J.).[2]

---

[2]

    ***Accord, e.g.,*** *Wade T. Rodrigues v. US*, 2016 WL 146532 (D. Haw. Apr. 14, 2016) (Gillmor, J.) (referring successive habeas petition to Circuit and then dismissing district-court action without prejudice for lack of jurisdiction); *cf. Johnson v. Herzog*, 2013 WL 5315033, *4 (W.D. Wash. Sept. 20, 2013) (Lasnik, J.); *United States v. Estrada-Jasso*, 2014 WL 5471929 (D. Idaho Oct. 28, 2014) (Winmill, C.J.); *United States v. Heredia-Oliva*, 2009 WL 211081, *1 (D. Ariz. Jan. 28, 2009) (McNamee, J.) (dismissing successive petition without prejudice and referring the matter to Circuit).

    **Some Western District of Washington judges "refer" or "transfer" second-or-successive claims to the Circuit and then administratively close the district-court action (technically, without dismissing it).** *See Blakely v. Glebe*, 2014 WL 3965025, *2 (W.D. Wash. Aug. 13, 2014) (Settle, J., adopting R&R of Strombom, M.J., that "this petition be referred to the Ninth Circuit and that the file be administratively closed without deciding whether the petition should be dismissed"); *Hertzog v. Fraker*, 2012 WL 527525, *1 (W.D. Wash. Feb. 15, 2012) (Leighton, J.) ("(1) The case is transferred [sic] to the Ninth Circuit Court of Appeal[s] as a second habeas petition, pursuant to Ninth Circuit Rule 22-3(a). (2) The Clerk shall administratively close the file."), *app. dis.*, No. 12-35042 (9th Cir. Mar. 9, 2012); *Smith v. Cunningham*, 2010 WL 391494, *1 (W.D. Wash. Feb. 3, 2010) (Burgess, J.) (same); *Richey v. Sinclair*, 2009 WL 2058224, *2 (W.D. Wash. July 13, 2009) (Bryan, J.) (same); *Nash v. Washington*, 2008 WL 5114256 (W.D. Wash. Dec. 2, 2008) (same).

    *Accord Williams v. USA*, 2016 WL 2745814, *7 (D. Haw. May 11, 2016) (Mollway, J.)

The Court Lacks Jurisdiction To Rule on Petitioner's Motion for Stay and Abeyance

Petitioner recently filed a motion to stay this action and hold it in abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528 (2005). As noted above, the Court currently lacks jurisdiction over this second-or-successive habeas petition, and thus **the Court lacks jurisdiction to rule on the substance of any motion filed here, including petitioner's stay motion.** *See, e.g., Zavanna, LLC v. RoDa Drilling Co.*, 2009 WL 3720177, *1 (D.N.D. Nov. 3, 2009) ("It is well-established that 'any order remanding a matter . . . for lack of subject-matter jurisdiction necessarily denies all other pending motions.'") (quoting *Carlson v. Arrowhead Concrete Works, Inc.,* 445 F.3d 1046, 1052 (8th Cir. 2006) (quoting *Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 210 n.1 (5th Cir. 2004))); *Cooper Hosp. Med. Ctr. v. Seafares Health & Benefit Plan*, 500 F. Supp.2d 457, 458 (D.N.J. 2007) ("Because the Court that it lacks subject-matter jurisdiction, . . . the motions will be dismissed . . . .").

**Also, with this action being dismissed, petitioner's motion to stay this action is moot in any event. There is no longer any district-court action that could be stayed.** *Cf. Post v. Bradshaw*, 2012 WL 5830468, *13 (N.D. Ohio Nov. 15, 2012) ("Post's Motion for Relief from Judgment . . . is denied as an attempt to file a second and [sic] successive petition, and the Court will transfer [sic] the motion to the Sixth Circuit for a determination of whether it meets the requirements of Section 2244 (b)(2). Mr. Post's Motion for Stay of Execution Pending Disposition of Petitioner's motion for Relief from Judgment . . . is therefore denied as moot."); *Gondola v. Gonzales*, 178 F. App'x 410, 412 (5th Cir. 2006) ("[W]e lack jurisdiction to review his petition further. * * * Gondola's motion for stay of deportation pending review is DENIED as MOOT."); *Foncette v. Bureau of Immigration and Customs Enforcement*, 2005 WL 2334374, *2 (E.D.N.Y. Sept. 23, 2005) ("The Court therefore transfers the petition to the . . . Middle District of Pennsylvania . . . . Petitioner's

---

("This court refers Williams's second section 2255 motion to the Ninth Circuit pursuant to Circuit Rule 22-3(a) and directs the Clerk of Court to transmit this order with its attached Exhibit A to the Ninth Circuit. *The Clerk of Court is further directed to . . . close* both Criminal No. 11-00937 SOM and *Civil No. 16-00158 SOM-RLP*.") (emphasis added).

request that counsel be appointed is denied as moot.").

AEDPA'S Certificate of Appealability Requirement May Not Apply Here

"Unless a circuit justice or [district] judge issues a certificate of appealability , an appeal may not be taken to the court of appeals from – (A) *the final order* in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court", 28 U.S.C. § 2253(c)(1)(A), and the district court must issue or deny a COA when it enters a final order adverse to the applicant. *See* Rule 11(a) of Rules Governing Section 2254 Cases in U.S. District Courts. **The court considers each claim separately, and it may grant a COA on one claim and not others.** *See Mayfield v. Woodford*, 270 F.3d 915, 922 (9th Cir. 2001); *accord Hall v. Thaler*, 504 F. App'x 269, 274 (5th Cir. 2012) ("We review each claim separately to determine whether . . . reasonable jurists 'would find the district court's assessment of the constitutional claims [to be] debateable or wrong.'").

As this Court has explained when confronted with successive habeas claims,

> It appears doubtful that the COA requirement applies to an order that merely refers a habeas petition to the Ninth Circuit and dismisses the action without prejudice. Such an order arguably should not be viewed as "final" for purposes of 28 U.S.C. § 2253(c)(1)(A), because it does not conclusively dispose of all claims and issues raised by petitioner. *See, e.g., Vega v. Nunez*, 2014 WL 1873265, *9 (C.D. Cal. May 8, 2014) ("'This is not a final order for purposes of 28 U.S.C. § 1291' because it does not conclusively dispose of all claims and issues as to all parties.") (quoting *Butler v. Los Angeles County*, 2013 WL 8291425, *9 n.6 (C.D. Cal. Oct. 11, 2013) (citing *Nelson v. Am. Home Ass. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012))).
>
> This is because the habeas "petitioner 'is not necessarily denied collateral review of the issues raised in the motion. He simply has to seek permission from the . . . Circuit before pursuing his claims in this Court.'" *Karim v. Valenzuela*, 2014 WL 7338827, *4 n.5 (C.D. Cal. Dec. 19, 2014) (Fairbank, J.) (quoting *United States v. Wilson*, 950 F. Supp.2d 90, 96 (D.D.C. 2013)).
>
> But **the Court will assume, without deciding, that such an order triggers the COA requirement. To the extent that the Ninth Circuit would require petitioner to obtain a COA before appealing today's order, the Court concludes that petitioner is not entitled to a COA.**

*Spencer v. Cano*, No. LA CV 16-02267, – F. Supp.3d –, 2016 WL 2760332, *2 n.2 (C.D. Cal. May 12, 2016) (Fairbank, J.) (boldface added). *Cf. Williams v. USA*, 2016 WL 2745814,

*6 (D. Haw. May 11, 2016) (Susan Oki Mollway, J.) ("[D]ismissal might be viewed as a final order that can only be appealed pursuant to a certificate of appealability under 28 U.S.C. section 2253©. A mere referral order, by contrast, might more clearly fall outside that category.").

PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Notwithstanding one panel's dictum that the "substantial showing" standard for a COA is "relatively low", *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002))**, in practice "[i]t is a 'rare step' for a district court to issue a COA,"** *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)); *accord Singh v. United States*, 2015 WL 350790,*6 (E.D. Cal. Jan. 23, 2015) (Ishii, Sr. J.) ("The issuance of a COA is 'a rare step.'") (likewise quoting *Murden* concurrence). A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1).

The Court is mindful that it "must resolve doubts about the propriety of a COA in the petitioner's favor", *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (citing *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc))[3], but no such doubt exists here. None of petitioner's claims is "adequate to deserve encouragement to proceed further," *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983), because all reasonable jurists would agree that the claims are successive and that there is no record evidence that petitioner obtained the Circuit's permission to file them in federal district court as the law requires. All reasonable jurists would consequently agree that (1) Circuit Rule 22-3(a) requires this Court to refer the petition to the Circuit and (2) this Court

---

[3] *Accord Elliott v. United States*, No. 1:12cv587, – F. Supp.3d –, –, 2016 WL 409817, *1 (E.D. Tex. Feb. 3, 2016) ("Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, . . . .") (citing *Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000)), *appeal filed*, No. 16-40276 (5th Cir. Feb. 22, 2016).

lacks subject-matter jurisdiction over the successive habeas claims until and unless the Circuit grants petitioner leave to file those claims here; (3) this lack of subject-matter jurisdiction requires the Court to dismiss the action without prejudice.

**ORDER**

**Pursuant to Ninth Circuit Rule 22-3(a), the Court REFERS this matter to the U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas petition.**

"Petitioner is advised that this referral alone does not constitute compliance with Circuit Rule 22-3 and 28 U.S.C. § 2255(h). Petitioner must still file a motion for leave to proceed in the Court of Appeals and make the requisite showing" to convince the Ninth Circuit to grant him leave to file this second-or-successive habeas petition.[4] "Petitioner is directed to consult this statute and Ninth Circuit Rule 22-3 for further information."[5]

The Clerk of Court **SHALL SEND** a copy of the habeas corpus petition and a copy of this Order to the U.S. Court of Appeals for the Ninth Circuit.

The Clerk of Court **SHALL PROVIDE** petitioner with U.S. Court of Appeals for the Ninth Circuit Form 12, entitled "Application for Leave to File Second or Successive

4 *Todd v. United States*, 2012 WL 5350012, *3 (W.D. Wash. Oct. 4, 2012) (Theiler, M.J.), *R&R adopted*, 2012 WL 5351845 (W.D. Wash. Oct. 29, 2012) (Robart, J.); *accord United States v. Raul Zavala*, 2016 WL 3033726, *1 (E.D. Wash. May 26, 2016) (Suko, Sr. J.); *Norris v. State of Washington*, 2015 WL 7280592, *1 (E.D. Wash. Oct. 7, 2015) (John Rodgers, M.J.), *R&R adopted*, 2015 WL 7283129 (E.D. Wash. Nov. 17, 2015) (Bastian, J.); *Bergen v. Richards*, 2009 WL 773865, *1 (W.D. Wash. Mar. 19, 2009) (Jones, J.); *Mohr v. United States*, 2008 WL 4683334 (W.D. Wash. Oct. 21, 2008) (Zilly, J.).

5 *Larue v. Washington State Dep't of Corrections*, 2008 WL 5245980, *1 (E.D. Wash. Dec. 15, 2008) (Suko, J., adopting recommendation of Hutton, M.J.).

Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255"[6], which is available at http://www.ca9.uscourts.gov/forms/.

Petitioner's motion for a *Rhines* stay and abeyance **[Doc #4] is DISMISSED without prejudice due to lack of subject-matter jurisdiction and mootness**.[7]

This action is then **DISMISSED without prejudice** for lack of subject-matter jurisdiction due to petitioner's failure to obtain advance leave from the U.S. Court of Appeals for the Ninth Circuit to file second-or-successive habeas corpus claims in this Court.

**A Certificate of Appealability is DENIED.**

**If petitioner wishes to appeal this order, he may seek a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.**[8] *See* Rule 11(a) of Rules Governing Sec. 2254 Cases in U.S. District Courts (stating, in part, "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."); Fed. R. App. P. 22(b)(1) (providing, in part, "If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.").[9]

---

6 *See Walker v. Ryan*, 2014 WL 413055, *2 (D. Ariz. Feb. 4, 2014); *accord Gwyn v. US*, 2014 WL 1330029, *1 (M.D. Fla. Apr. 1, 2014) ("The Clerk of Court is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion . . . .").

7 *See Zavanna, LLC v. RoDa Drilling Co.*, 2009 WL 3720177, *1 (D.N.D. Nov. 3, 2009) (after determining that the court lacked subject-matter jurisdiction, judge remanded case to state court and stated, "*This ruling is not in any manner a substantive ruling on the merits of the pending motions* to dismiss, stay, or transfer.") (emphasis added).

8 *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012) (citing 28 U.S.C. § 2253(c)(1)(B)); *see also* FED. R. APP. P. 22(b)(1).

*Accord Pratt v. Bower*, 2016 WL 815293, *14 (N.D. Cal. Mar. 2, 2016); *Juniper v. Zook*, 2016 WL 413099, *1 (E.D. Va. Feb. 2, 2016).

The Court **CERTIFIES** that petitioner could not take an appeal from today's Order in good faith within the meaning of 28 U.S.C. section 1915[10]. Therefore, the Court **DECLINES** to grant petitioner leave to proceed in forma pauperis on any appeal from this Order.[11]

**The Court concludes that it is not necessary to issue final judgment under FED. R. CIV. P. 58 when merely "referring" or transferring a matter to another court.** *See Spencer*, – F. Supp.3d at –, 2016 WL 2760332 at *2 n.2 (not necessary to issue a "judgment" when merely referring successive habeas petition to the Circuit and then dismissing the action without prejudice for lack of jurisdiction) (citing *In re Cinevision Int'l, Inc., Debtor (Mayor & Gunadi v. Wolkowitz)*, BAP CC-15-1227-FCTa, 2016 WL 638729, *6 (9th Cir. BAP Feb. 16, 2016) (not in B.R. or F. App'x) ("Because the judgment did not dispose of all claims as to all parties, it is not a final judgment . . . .")); *cf. Raffile v. Executive Aircraft Maintenance*, 2012 WL 592878, *1 (D.N.M. Feb. 21, 2012) ("The court will order the case transferred to the District of Arizona, . . . . [T]he court will deny the request to enter final judgment."); *Jones v. Barry*, 33 F. App'x 967, 973 (10th Cir. 2002) ("The District of Columbia district court . . . transferred the entire 'case'

---

10 This statute provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

"An appeal is taken in good faith for this purpose where it seeks review of any issue that is 'nonfrivolous.'" *McKinley v. Warden*, 2013 WL 3872105, *1 (C.D. Cal. Apr. 26, 2013) (Fairbank, J.) (quoting *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) and citing *Huffman v. Boersen*, 406 U.S. 337, 339, 92 S. Ct. 1598, 1600 (1972)).

"[A] habeas petition is not necessarily 'frivolous' for purposes of IFP status on appeal merely because the district judge continues to think that 'the merits of the claims [that it] rejected' were neither 'debateable, capable of different resolution, or deserving of further consideration.'" *Hugo Ivan Sanchez v. Long*, No. LA CV 13-04680 Doc. 50 at 4 (C.D. Cal. May 19, 2016) (Fairbank, J.) (citing, *inter alia*, *United States v. Boyd*, 2001 WL 492474, *5 (N.D. Ill. May 9, 2001) ("Jackson is granted leave to proceed on appeal in forma pauperis, but the Court declines to issue a certificate of appealability.")). Rather, an appellate issue is frivolous only if it has "no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

11 *Accord Gibson v. Bradshaw*, 2006 WL 1620195, *1 (N.D. Ohio June 7, 2006) ("Gibson's federal habeas corpus petition is TRANSFERRED to the Sixth Circuit Court of Appeals for a determination whether Gibson may proceed with the petition in this Court. Pursuant to 28 U.S.C. section 1915(a)(3), the Court certifies that an appeal could not be taken in good faith.").

to the District of New Mexico without entering a final judgment on the claims in the original complaint.").

IT IS SO ORDERED.

Dated: Friday, June 3, 2016

Valerie Baker Fairbank
Senior United States District Judge